# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HARRY ZELIG, | 1:11-cv-01515-LJO-DLB PC |
| Plaintiff, | ORDER DISMISSING COMPLAINT FOR FAILURE TO STATE A CLAIM WITH LEAVE TO AMEND |
| v. | |
| FELIX IGBINOSA, et al., | (DOC. 1) |
| Defendants. | RESPONSE DUE WITHIN THIRTY DAYS |

## Screening Order

### I. Background

Plaintiff Harry Zelig ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR"). Plaintiff is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed his complaint on September 8, 2011. Doc. 1.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been

1

paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusions are not. *Id.*

**II.     Summary Of Complaint**

Plaintiff was previously incarcerated at Pleasant Valley State Prison ("PVSP") in Coalinga, California, where the events giving rise to this action occurred. Plaintiff names the following Defendants: chief medical officer Felix Igbinosa, warden James Yates, and federal receiver J. Clark Kelso.

Plaintiff alleges the following. On February 10, 2010, Plaintiff was transferred from CSP-Solano to PVSP. Compl. 4:2-3. Plaintiff had multiple serious medical problems and was transferred to PVSP even though he was endorsed for transfer to another prison. *Id.* at 4:3-4. PVSP is located in the most severe area of valley fever coccidioidomycosis ("valley fever"), an endemic, dangerous, and frequently fatal infection caused by soil fungus. *Id.* at 4:5-8.

Plaintiff contracted cocci pneumonia as a result of the transfer and almost died. *Id.* at 4:9-10. Plaintiff met all the criteria established by CDCR for exclusion from transfer to PVSP, namely inmates with serious medical conditions. *Id.* at 4:10-13. Plaintiff has a long history of insulin dependent diabetes, coronary artery disease with a triple bypass in 2006, poorly controlled hypertension, and all of the complications and disabilities related to the above. *Id.* at 4:13-16. Plaintiff also had malignant skin cancer in 2003. *Id.* at 4:16-17.

As a result of Defendants' conduct, Plaintiff's current medical condition was aggravated, including congestive heart failure, arrhythmia, exfoliative dermatitis, and extreme substantial

1  physical pain, all related to the cocci infection. *Id.* at 4:18-22. Plaintiff also suffered extreme
2  emotional distress and mental anguish because he believed he was going to die and that his life
3  was shortened, making it impossible to parole. *Id.* at 4:22-25. Cocci infection has had a
4  substantial, severe, and permanent affect on Plaintiff's lungs, heart, kidneys, skin, bones, and
5  joints, causing Plaintiff severe and excruciating pain which is not controlled by medical that he is
6  currently receiving, and adversely affected by his bipolar disorder. *Id.* at 5:23-6:1.

7  CDCR was notified by the Fresno County grand jury and the Department of Health that
8  inmates within the exclusion criteria should be directed away from a cocci-endemic area. *Id.* at
9  4:26-5:4. The "directorate" and PVSP officials ignored a pattern of inmate complaints for
10 transfer and an increase in the number inmates contracting cocci infections and resulting deaths.
11 *Id.* at 5:2-7. They have also ignored meritorious claims for financial compensation for serious
12 harm suffered from cocci infection. *Id.* at 5:7-10.

13 Defendant Kelso was aware of the pattern of inmate complains regarding cocci at PVSP.
14 *Id.* at 5:11-12. Defendant Kelso knew of the dangerous and unhealthy conditions of the property
15 at PVSP, and the increasing number of inmate deaths from valley fever. *Id.* at 5:13-15.
16 Defendant Kelso did nothing meaningful to remedy the conditions. *Id.* at 5:15-18. Defendant
17 Kelso failed to strictly monitor and enforce the valley fever exclusion policy which placed
18 Plaintiff and other inmates at risk of serious illness and death. *Id.* at 5:19-23.

19 Plaintiff contends a violation of the Eighth Amendment, 28 U.S.C. § 959, and the
20 California Government Code section 835(b).[1] Plaintiff requests as relief appointment of counsel,
21 and compensatory damages and punitive damages.

**III.    Analysis**

    **A.    Eighth Amendment**

24 The Eighth Amendment protects prisoners from inhumane methods of punishment and
25 from inhumane conditions of confinement. *Morgan v. Morgensen*, 465 F.3d 1041, 1045 (9th Cir.

---

[1] Plaintiff's claims for violation of section 835(b) fail. A public entity, with certain
28 exceptions, is not liable for an injury to any prisoner. Cal. Gov't Code § 844.6.

3

2006). Extreme deprivations are required to make out a conditions of confinement claim, and only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation. *Hudson v. McMillian*, 503 U.S. 1, 9 (1992) (citations and quotations omitted). Prison officials have a duty to take reasonable steps to protect inmates from physical abuse. *Hoptowit v. Ray*, 682 F.2d 1237, 1250 (9th Cir. 1982). In order to state a claim for violation of the Eighth Amendment, Plaintiff must allege facts sufficient to support a claim that officials knew of and disregarded a substantial risk of serious harm to him. *E.g.*, *Farmer v. Brennan*, 511 U.S. 825, 837 (1994); *Frost v. Agnos*, 152 F.3d 1124, 1128 (9th Cir. 1998). Mere negligence on the part of the official is not sufficient to establish liability, but rather, the official's conduct must have been wanton. *Farmer*, 511 U.S. at 835; *Frost*, 152 F.3d at 1128.

Plaintiff has sufficiently alleged that he faced a substantial risk of an objectively serious harm. However, Plaintiff has failed to allege facts which demonstrate that Defendants knew of and disregarded this risk of serious harm with regards to Plaintiff. Plaintiff alleges generally that PVSP officials were aware of the dangers of valley fever for inmates who meet certain medical criteria. Plaintiff has failed to allege awareness of this with regards to Plaintiff. Because Plaintiff may be able to cure this deficiency in his complaint, leave to amend will be granted.

Plaintiff also fails to state a claim against Defendant Kelso. Plaintiff alleges that Defendant Kelso possessed a general awareness of the conditions at PVSP and failed to act. Such allegation fails to demonstrate Defendant Kelso's awareness of harm with regards to Plaintiff.

**B.    Supervisory Liability**

Plaintiff alleges that Defendants Yates and Igbinosa are liable because of their supervisory positions. The term "supervisory liability," loosely and commonly used by both courts and litigants alike, is a misnomer. *Iqbal*, 556 U.S. at 677. "Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*." *Id.* at 676. Rather, each government official, regardless of his or her title, is only liable for his or her own misconduct. *Id.* at 677. When the named defendant holds a supervisory

4

position, the causal link between the defendant and the claimed constitutional violation must be specifically alleged. *See Fayle v. Stapley*, 607 F.2d 858, 862 (9th Cir. 1979); *Mosher v. Saalfeld*, 589 F.2d 438, 441 (9th Cir. 1978). To state a claim for relief under § 1983 for supervisory liability, plaintiff must allege some facts indicating that the defendant either: personally participated in the alleged deprivation of constitutional rights or knew of the violations and failed to act to prevent them. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Allegations that Defendants Yates and Igbinosa are responsible because of their supervisory role amounts at most to liability under a *respondeat superior* theory, which fails to state a claim.

### C. Federal Receiver

Plaintiff contends that Defendant Kelso is liable under 28 U.S.C. § 959. Pursuant to § 959, "[t]rustees, receivers or managers of any property, including debtors in possession, may be sued, without leave of the court appointing them, with respect to any of their acts or transactions in carrying on business connected with such property."

Plaintiff's claim fails against Defendant Kelso as a matter of law. Defendant Kelso was appointed as a receiver by United States District Judge Thelton E. Henderson on February 14, 2006.[2] In the Order Appointing Receiver ("OAR"), Judge Henderson conferred upon the Receiver judicial immunity to the same extent enjoyed by the *Plata* court. The OAR provides "[t]he Receiver and his staff shall have the status of officers and agents of this Court, and as such shall be vested with the same immunities as vested with this Court."

A Receiver is immune from suit if he was performing tasks within the jurisdiction of the *Plata* court, in this instance, improvement of the medical delivery component in California prisons. *See New Alaska Develop. Corp. v. Guetschow*, 869 F.2d 1298, 1302-03 (9th Cir. 1989) (court-appointed receiver shares immunity awarded to the appointing judge). As long as the receiver exercised discretionary judgment in the performance of his duties, he is entitled to immunity. *In re Castillo*, 297 F.3d 940, 949 (9th Cir. 2002) (quasi-judicial immunity).

---

[2] The Court takes judicial notice of *Plata v. Schwarzenegger*, C01-1391 THE (N.D. Cal.).

Plaintiff alleges that Defendant Kelso failed to monitor and enforce the valley fever exclusion policy in place.  Plaintiff has not alleged facts which demonstrate that Defendant Kelso was responsible for the issuance of such policy.  Even assuming Defendant Kelso did issue such policy, Defendant Kelso is immune from a suit for damages for all alleged conduct requiring discretionary judgment taken in the course of his receivership.  Defendant Kelso is also immune from suit under § 1983.  Section 1983 does not apply to federal actors such as Defendant Kelso.

## IV.  Conclusion And Order

Plaintiff fails to state any cognizable claims against any Defendants.  The Court will provide Plaintiff with an opportunity to file a third amended complaint curing the deficiencies identified by the Court in this order. *Noll v. Carlson*, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

If Plaintiff decides to amend, Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights. *Iqbal*, 556 U.S. at 678.   Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555.

Finally, Plaintiff is advised that an amended complaint supersedes the original complaint, *Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997); *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superseded pleading," L. R. 220.  Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." *King*, 814 F.2d at 567 (citing to *London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981)); *accord Forsyth*, 114 F.3d at 1474.

Accordingly, based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a complaint form;
2. Plaintiff's complaint is dismissed for failure to state a claim, with leave to file a first amended complaint within thirty (30) days from the date of service of this

order; and

3. If Plaintiff fails to comply with this order, the Court will dismiss this action for failure to obey a court order and failure to state a claim.

IT IS SO ORDERED.

Dated:  **May 31, 2012**                          /s/ **Dennis L. Beck**
                                                  UNITED STATES MAGISTRATE JUDGE